AUG 2? 2014

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

NO.:14-12973-EE

---

Grace Solis,

Appellant

versus

GLOBAL ACCEPTANCE CREDIT COMPANY, L.P.,
HAYT, HAYT & LANDAU, P.L.,
Robert J. Orovitz, Individually,
Dana M. Stern, Individually
And
Jason S. Dragutsky, Individually

Appellees

---

APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF FLORIDA
(CASE NO. 24-CV-23060-WILLIAMS)

---

INITIAL BRIEF OF APPELLANT

---

Grace D. Solis
*Pro se*
Appellant
730 86th Street
Miami Beach, FL 33141
Tel: (954) 588-8214

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

Grace Solis
    Plaintiff/Appellant

    v.

GLOBAL ACCEPTANCE CREDIT COMPANY, L.P,
HAYT, HAYT & LANDAU, P.L.,
Robert J. Orovitz, Individually,
Dana M. Stern, Individually and
Jason S. Dragutsky, Individually
    Defendants/Appellees

Appeal No.: 14-12973-EE
Dist. Case No.: 13-CV-23060-KMW

## PLAINTIFF-APPELLANT'S
## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26 and Eleventh

Circuit Rule 26.1, the following individuals/entities have an interest in this

litigation:

Grace Solis, Plaintiff

GLOBAL ACCEPTANCE CREDIT COMPANY, L.P, Defendant

HAYT, HAYT & LANDAU, P.L., Defendant

Robert J. Orovitz,  Defendant

Dana M. Stern, Defendant

Jason S. Dragutsky, Defendant

C1-1

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

Grace Solis
    Plaintiff/Appellant

    v.

GLOBAL ACCEPTANCE CREDIT COMPANY, L.P,
HAYT, HAYT & LANDAU, P.L.,
Robert J. Orovitz, Individually,
Dana M. Stern, Individually and
Jason S. Dragutsky, Individually
    Defendants/Appellees

Appeal No.:  14-12973-EE
Dist. Case No.: 13-CV-23060-KMW

## PLAINTIFF-APPELLANT'S
## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT
### (continued)

Ronald S. Canter, Attorney for Defendant

The Law Offices of Ronald S. Canter, LLC Attorney for Defendant

David P. Hartnett, Attorney for Defendant

Hinshaw & Culbertson LLP, Attorney for Defendant

The Honorable Kathleen M. Williams, District Judge for Southern District
of Florida

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant feels that oral argument is unnecessary and the decisional process

can be concluded without it.  This request is made pursuant to Fed. R. App. P. 34©

and 11th Cir. R. 28-2(c).

## CERTIFICATE OF TYPE SIZE AND STYLE

Pursuant to Eleventh Circuit Rule 28-2(d), the type size and style utilized in

this brief is:

Type Size: 14 Characters per inch

Type Style: Times New Roman

Grace Solis, *Pro Se*

i

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS……………………………………...c-1

STATEMENT REGARDING ORAL ARGUMENT …………………………………..i

CERTIFICATE OF TYPE SIZE AND STYLE……………………………………i

TABLE OF CONTENTS………………………………………………………………ii

TABLE OF CITATIONS………………………………………………………………iii

STATEMENT REGARDING JURISDICTION…………………………………vii

STANDARD OF REVIEW……………………………………………………………vii

STATEMENT OF THE ISSUES   ……………………………………………………1

STATEMENT OF CASE………………………………………………………………1

SUMMARY OF ARGUMENT…………………………………………………………6

ARGUMENT

ISSUE I…………………………………………………………………………8

ISSUE II………………………………………………………………………16

CONCLUSION……………………………………………………………… 21

CERTIFICATE OF COMPLIANCE………………………………………………A

<h1 style="text-align:center">TABLE OF CITATIONS</h1>

<u>CASES</u>                                                                 <u>Pages</u>

*Trustmark Ins. Co. v. ESLU, Inc.,* 299 F.3d at 1269-70                      6,11
  (11th Circuit 2002)

*Haines v. Kerner*, 404 U.S. 519 (1972)                                      7,16, 19

*Wacaster v. Wacaster*, 220 So. 2d 914, 915 (Fla. 4th DCA 1969)             9

*Taylor v. Sturgell*, 553 U.S. 880, __, 128 S.Ct. 2161, 2171 (2008)        9

*David Vincent, Inc. v. Broward County*, 200 F.3d 1325, 1330 n.7           9
(11th Cir. 2000)

*Aquatherm Indus., Inc. v. Fla. Power & Light Co.*, 84 F.3d 1388,          9
1391 n.1 (11th Cir. 1996)

*Piper aircraft Corp.*, 244 F3d. 189, 196 (11th Cir. 2001)               11

*Brim v. Midland Credit Management, Inc. et al*,                           11
795 F. Supp. 2d 1255, Dist. Court, ND Alabama, 2011

*Johnson v. MBNA Am. Bank, NA,* 357F.3d 426, 431 (4th Cir.2004)          12

*Crabill v. Trans Union LLC*, 259 F.3d 662, 664 (7th Cir. 2001).         12

*Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007) at 53             12

*Tucker v MCM* 2:09-cv-00046-IPJ US Dist. Court,                           12
N. Dist. Ala., Southern Div.

*Green v RBS National Bank*, 288 Fed. Appx 641, 642 (11th Cir. 2008)     12

*Brody v. Hankin*, 299 F. Supp.2d 454, 458 (E.D. Pa. 2004)                 12, 13

*See Christopher v. Harbury*, 536 U.S. 403, 406 (2002                       12

*Rycoline Prod's. v. C & W Unlimited*, 109 F.3d 883, 886          13
  (3d Cir. 1997)).

*Andela v. Univ. of Miami,* 692 F.Supp.2d 1356, 1371 (S.D.Fla.2010)   13

*Heney v. Windsor Corp.*, 777 F.Supp. 1575, 1577 (M.D.Fla.1991)      13,14

*State St. Bank & Trust Co. v. Badra*, 765 So.2d 251, 254          13
  (Fla.Dist.Ct.App.2000)

*Suniland Assocs. v. Wilbenka, Inc.,* 656 So.2d 1356, 1358        13,14
  (Fla.Dist.Ct.App.1995)).

*Tyson v. Viacom, Inc.,* 890 So.2d 1205, 1209 (Fla.Dist.Ct.App.2005)  13,14

*Hicks v. Hoagland,* 953 So.2d 695, 698 (Fla.Dist.Ct.App.2007)      15

*State St. Bank & Trust*, 765 So.2d at 254                 15

*Zikofsky v. Mktg.* 10, Inc., 904 So.2d 520, 523            15
  (Fla.Dist.Ct.App.2005)

*Gordon v. Gordon*, 59 So. 2d at 44                    16

*Conley v. Gibson*, 355 U.S. 41 at 48 (1957)               16,17

*Davis v. Wechler*, 263 U.S. 22, 24                    16

*Stromberb v. California*, 283 I/S/ 359                  16

*NAACP v. Alabama*, 375 U.S. 449.                     16

*Elmore v. McCammon*, (1986) 640 F. Supp. 905             16

*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1959)            17

*Picking v. Pennsylvannia R. Co.*, 151 Fed. 2nd 240         17

*Pucket v. Cox*, 456 2nd 233                      17

*Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938)                                      17

*Pucket v. Cox*, 456 2nd 233, (1972) (6th Cir. USCA)                             17

*B. Platsky v. CIA*, 953 F. 2d 25, 26, 28 (2nd cir. 1991)                             17

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)                                 17, 18

*Friends of Lake View School District v. Beebe*, 578 F.3d 753, 762                         18
(8th Cir. 2009).

*Aschcroft v. Iqbql*, 129 W.Ct. 1937, 1950 (2009)                                          18

*Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)                                            18

*Scott v. Byrnes*, 2008 WL 398314, at *1                                                   19
(N.D. Tex. Feb. 13, 2008)

*Sims v. Texter*, 2001 WL  627600, at *2                                                   19
(N.D. Tex. Feb. 13, 2001).

*Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,                                19
2004 WL 789870, at *2 (N.D. Tex. April 12, 2004)

*Swanson v. Aegis Commc'ns Group, Inc.*,                                                   19
2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010)

*Rodriguez v. United States*, 66 F.3d 322, 327 (5th Cir.1999).                        20

*In Re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996)                    22

*Jones V. General Elec. Co.*, 87 F.3d 209, 211 (7th Cir. 1996).                       22

*Hishon v. King & Spaulding,* 467 U.S. 69, 73,                                             23
104 S.Ct. 2229, 2232 (1984)

## STATUTES

Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692          1,2,4, 10

Florida Consumer Collection Practices Act (FCCPA), FLA. STAT.          1,2,4
§559  1-2

(Part IV) Federal Credit Reporting Act (FCRA) 15 U.S.C. § 1681          1,2,4,11
*et seq*

Telephone Consumer Protection Act (TCPA) Sec. 227, 47 USC          1,2,3
§ 227(b)(1) 47 USC § 227(a) (iii).g Act.

## RULES OF PROCEDURE

Fed. Rule of Civ. Procedure 12(b)(6)          4, 10, 17

Federal Rules of Civil Procedure 8(c)(1)          10

Federal Rules of Civil Procedure 12(c)          10

Federal Rules of Civil Procedure 8(f)          16

The Federal Rule of Civil Procedure 8(a)(2)          17

## DEFINITIONS

http://en.wikipedia.org/wiki/Telephone_Consumer_          2
Protection_Act_of_1991

Discovery - http://definitions.uslegal.com/d/discovery/

Seventh Amendment -          8
     http://www.law.cornell.edu/constitution/seventh_amendment

*"res judicata* " a thing adjudicated," See Black's Law Dictionary          9
1336 (8th ed.2004)

## STATEMENT OF JURISDICTION

The District Court had jurisdiction pursuant to 15 U.S.C. §1692, FLA. STAT §559 (Part IV) and 15 U.S.C. § 1681 because Plaintiff's claims arise under federal law, namely the Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act and the Fair Credit Reporting Act. Appellant, Grace Solis, respectfully seeks review of the Order by the United States Court for the Southern District of Florida dismissing her case against Appellees GLOBAL ACCEPTANCE CREDIT COMPANY, L.P., HAYT, HAYT & LANDAU, P.L., Robert J. Orovitz, Dana M. Stern and Jason S. Dragutsky. Petitioner timely filed her appeal of the District Court's June 25th, 2014 decision on July 3, 2014. This Court has jurisdiction over this Petition pursuant to Fed. R. Civ. P. 23(f) and Fed. R. App. P. 4(a).

## STANDARD OF REVIEW

The District Court's dismissal of Plaintiff's complaint based on res *judicata* are reviewed under an erroneous standard. *See Sierra Club v. Martin,*, 110 F.3d 1551, 1554 (11th Cir. 1997). The District Court's application of the law to those facts is subject to *de novo* review. Id. *See also Horton v. City of St. Augustine, Florida*, 2001 WL 1433477 (11th Cir.). The dismissal of a *pro se* Plaintiff's complaint is reviewed under an abuse of discretion standard in which the Court committed a clear error of judgment or applied

an incorrect legal standard.  Under a *de novo* standard of review, this Court

owes no deference to the district court's statutory interpretation analysis.

*See Pell, 539 F.3d at 305.*

## STATEMENT OF THE ISSUES

### I.

Whether the District Court erred in dismissing Appellant's (Solis) Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) by deciding that Appellant's claim was barred by *res judicata* .

### II.

Whether the District Court erred in not allowing Appellant, *pro se*, to amend her complaint.

## STATEMENT OF THE CASE

BACKGROUND - The Fair Debt Collection Practices Act (FDCPA), the Florida Consumer Collection Practices Act (FCCPA) and the Fair Credit Reporting Act (FCRA) were enacted by Congress to protect consumers from the unscrupulous practices of debt collectors. The Telephone Consumer Protection Act of 1991 (TCPA) was passed by the United States Congress in 1991 and signed into law by President George H. W. Bush as Public Law 102-243. It amended the Communications Act of 1934. The TCPA is codified as 47 U.S.C. 227. The TCPA restricts telephone solicitations (i.e., telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, autodialers, and

1

voice messaging systems—principally with provisions requiring identification and

contact information of the entity using the device to be contained in the message.

http://en.wikipedia.org/wiki/Telephone_Consumer_Protection_Act_of_1991

Appellees GLOBAL, HAYT, Orovitz, Stern and Dragutsky filed a state case

#11-14387CC25 against Appellant/Solis on September 13, 2011 as Assignees for

Chase, for a known disputed consumer debt alleging that Solis incurred an

obligation to pay money arising out of a transaction in which the money, property,

insurance or services which are the subject of the transaction are primarily for

personal, family or household purposes and is therefore a "debt" as that term is

defined by 15 U.S.C. § 1692a(5) and that Solis was obligated to pay them.

Appellees/GLOBAL, HAYT and Dragutsky and Solis filed their Motions for

Summary Judgment and both were denied on February 14, 2012. The State lawsuit

was eventually dismissed by the state court for lack of prosecution by Appellees.

Solis, *pro se*, then sued Defendants GLOBAL, HAYT, Dragutsky, Stern and

Orovitz in Federal Court on March 23, 2012, case #12-CV-21151 for violations of

the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692, the Florida

Consumer Collection Practices Act (FCCPA), FLA. STAT. §559 (Part IV), the

Federal Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et seq* and the Telephone

Consumer Protection Act (TCPA) Sec. 227, 47 USC § 227(b)(1), 47 USC § 227(a)

(iii). The Appellees filed their Motions to Dismiss on April 6 and April 9, 2012

2

and Solis filed her Motion for Leave to Amend on April 20, 2012. The Court granted Solis's Motion for Leave to Amend and Solis filed her First Amended Complaint (FAC) on July 23, 2012. The Appellees then filed their Motions to Dismiss on July 26, 2012 and July 30, 2012. The court filed an Omnibus Order Granting Motions to Dismiss Solis's First Amended Complaint (FAC) on November 30, 2012 after discovery was completed. The Court's Conclusion:

"Plaintiff failed to state a cause of action because she does not plead sufficient facts to establish that the debt collection at issue is subject to consumer debt collection laws, and she does not sufficiently allege a violation of debt collection, telephone, or reporting laws by the Defendants". Accordingly, it is hereby **ORDERED and ADJUDGED** that:

1. Defendant GLOBAL's Motion to Dismiss FAC is **GRANTED**;

2. Defendants HAYT, HAYT & Landau, Dana M. Stern, Jason S. Dragutsky and Robert J. Orovitz's Amended Motion to Dismiss Plaintiff's FAC is **GRANTED**.

3. All pending motions, if any, are **DENIED** *as moot*; and

4. The Clerk is directed to **CLOSE** the case.

No motions for summary judgment were filed and the case never went before a jury. Solis filed a Motion for Reconsideration on December 10, 2012, GLOBAL filed its Opposition on December 14, 2012 and Solis filed her Response

3

on December 28, 2012. On April 4, 2013 GLOBAL filed its Notice of Ninety Days Expiring and Plaintiff filed her same Notice on April 19, 2013. On June 17, 2013, Solis filed a Motion for Hearing on her Motion for Reconsideration. On August 9, 2013, Solis filed her Motion to Dismiss without Prejudice for case #12-CV-21151 in order to preserve the statute of limitations. On August 28, 2013, the Court denied Solis's Motion for Reconsideration.

In the case at bar, Solis filed a new complaint on August 26, 2013 because previous case was not specifically DISMISSED WITH PREJUDICE due to errors in the complaint. Through an attorney, a new lawsuit was filed against the same Defendants including new facts and claims regarding lack of reasonable investigation, newly discovered calls made to Solis's cell phone using an automatic dialer without prior express consent and facts obtained through discovery in the previous case for the Appellees' violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692, the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559 (Part IV), the Federal Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et seq* and the Telephone Consumer Protection Act (TCPA) Sec. 227, 47 USC § 227(b)(1), 47 USC § 227(a) (iii). On October 1, 2013, GLOBAL filed its Motion to Dismiss due to *res judicata* under Fed. Rule of Civ. Procedure 12(b)(6). On October 3, 2013, Solis's counsel filed his Motion to Withdraw and on October 15, 2013, Solis filed her Notice of Termination of Counsel. HAYT,

4

Orovitz, Stern and Dragutsky filed their Motion to Dismiss due to *res judicata* on

October 30, 2013. By leave of Court due to a death in Solis' immediate family,

Solis, *pro se*, filed her Response to Defendants' Motions to Dismiss on January 21,

2014. On May 30, 2014, Solis filed her First Amended Complaint including

exhibits of GLOBAL's logs notating GLOBAL's skip tracing efforts to obtain

Solis's cell phone number; failure to make a reasonable investigation into Solis's

dispute of GLOBAL's alleged debt prior to commencing the state lawsuit; prior to

reporting the alleged debt to the consumer credit reporting agencies, EXPERIAN,

TRANSUNION and EQUIFAX and not having any supporting documentation

regarding the alleged debt purchased from Chase. Solis included exhibits of

HAYT's automatic dialer log calling Solis's cell phone and notes made by

HAYT's employees notating that Solis told them not to call her cell phone and

requesting debt validation. Solis's First Amended Complaint (FAC) was filed on

May 30, 2014 without leave of Court as a matter of right since the Appellees did

not file a responsive pleading. The Appellees emailed Solis and stated that they

would strike her FAC if she did not withdraw it because she did not confer with

them prior to filing. Solis refused. GLOBAL filed its Motion to Strike Solis's

FAC on June 5, 2014 and HAYT, Orovitz, Dragutsky, and Stern filed their Motion

to Strike on June 17, 2014. On the same date, Solis filed her response to

Appellees' Motion to Strike and filed her Motion for Leave to Amend Complaint.

On June 23, 2014, GLOBAL filed its Opposition to Solis' Motion for Leave to Amend. On June 25, 2014, the Court issued its Order and stated that the current lawsuit and previous lawsuit were the same and that Plaintiff added new facts that did not substantively alter the claims against Defendants. The Court maintained that since these new facts arose from the Defendants attempt to collect on Plaintiff's purported debt in 2011that the lawsuits were the same and then cited *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d at 1269-70 (11th Circuit 2002). The Court filed its Order and stated:

V. Conclusion

For the reasons stated above, it is ORDERED AND ADJUDGED that:

1. Defendants' Motions to Dismiss the complaint [D.E. 11 and 25] are GRANTED.

2. The Complaint is hereby DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(6).

3. Defendants' Motions to Strike the Amended Complaint [D.E. 36 and D.E. 37] are GRANTED. Plaintiff's Amended Complaint [D.E. 35] is STRICKEN.

4. Plaintiff's Motion for Leave to File an Amended Complaint [D.E. 39] is DENIED.

<u>SUMMARY OF ARGUMENT</u>

6

Appellant should be allowed to move forward on her second lawsuit, and if necessary, amend her complaint in response to the Judge's recommendations as was her request in her responses to all the MTD brought by all Appellees. This again is in contradiction to the spirit of the decision in *Haines v. Kerner*, 404 U.S. 519 (1972).

The Supreme Court in *Haines v. Kerner* recognized the fact that *pro se* litigants are not trained to the same standard as Bar licensed attorneys and should therefore NOT be held to the same pleading standard so as not to put them at a distinct disadvantage before the court. Any person who could read Solis's pleadings would see that there are legitimate allegations of violations of multiple statutes, state and federal, where in the interest of justice the minimal deficiencies noted by the Judge may be easily corrected by Solis and the case should move forward ON THE MERITS.

*Res Judicata* applies to identical issues, fact pattern and claims and that is not the case in the Solis's second lawsuit. Basically, according to the District Court, the Solis's first lawsuit was all wrong. The second lawsuit was filed with new facts and claims, which were recognized by the Appellees and the Court, but it is still decided as *res judicata* and Appellees violations of several consumer protection laws will not be adjudicated by a jury because a *pro se* Plaintiff made mistakes in her first federal lawsuit against Appellees. Solis will not have her day

7

in court because she should have, would have and could have drafted a perfect first federal complaint according to the court and the Appellees. Bear in mind that the court in the first federal lawsuit only allowed one amendment to the complaint and Solis was not allowed to amend her second federal lawsuit.

## ARGUMENT

### I.

Did the District Court err in deciding the Appellant's second federal lawsuit was

barred by *res judicata*?

The Seventh Amendment continues a practice from English common law of distinguishing civil claims which must be tried before a jury (absent waiver by the parties) from claims and issues that may be heard by a judge alone. It only governs federal civil courts and has no application to civil courts set up by the states when those courts are hearing only disputes of state law.

http://www.law.cornell.edu/constitution/seventh_amendment

**Amendment VII**

In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law. U.S. Constitution.

The term *"res judicata"* is translated from the Latin as "a thing adjudicated," but it has more than one meaning. See Black's Law Dictionary 1336 (8th ed.2004). It can refer specifically to claim preclusion or it can refer generally to the preclusive effect of earlier litigation. See *Wacaster v. Wacaster*, 220 So. 2d 914, 915 (Fla. 4th DCA 1969) ("*Res judicata* is a term which has been given a good many different meanings. Current usage apparently gives it a broad meaning which covers all the various ways in which a judgment in one action will have a binding effect in another."). When the term has that second meaning, it encompasses claim preclusion and issue preclusion, and it can mean either or both. See *Taylor v. Sturgell*, 553 U.S. 880, __, 128 S.Ct. 2161, 2171 (2008) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as '*res judicata*.'"); *David Vincent, Inc. v. Broward County*, 200 F.3d 1325, 1330 n.7 (11th Cir. 2000) ("Claim and issue preclusion are often lumped together under the rubric of *res judicata*."); *Aquatherm Indus., Inc. v. Fla. Power & Light Co.*, 84 F.3d 1388, 1391 n.1 (11th Cir. 1996) ("[T]he terminology used to discuss the preclusive effects of earlier litigation is somewhat confusing because *res judicata* is often used to refer both to claim preclusion and to issue preclusion."). Issue preclusion is also sometimes called collateral estoppel.

9

According to the Federal Rules of Civil Procedure 8(c)(1), *res judicata* is an affirmative defense, the defendant should raise it and then move for judgment on the pleadings under Rule 12(c). *Forty One News, Inc. v. County of Lake,* 491 F.3d 662, 664 (7th Cir. 2007); *McCready v. eBay, Inc.,* 453 F.3d 882, 892 n. 2 (7th Cir. 2006). The District Judge dismissed the case under Rule 12(b)(6), which is failure to state a claim upon which relief can be granted. There must have been a **final judgment on the merits** in the original litigation and there was none in Appellant's previous lawsuit. Furthermore, the Appellees discovery proved Appellant's allegations in the first lawsuit and these facts were never brought in a Motion for Summary Judgment and the facts were never decided by a jury as Appellant requested.

The District Court stated that the previous complaint was dismissed with prejudice and that Appellant was "enjoined from filing another amended complaint, after finding that Plaintiff's First Amended Complaint proffered nothing to convince me that an additional attempt would cure the deficiencies". The judge did not note that the Order stated "a possible cause of action could exist under FDCPA §1692g(a) against GLOBAL for failure to send a debt validation letter to Plaintiff under the time required and under FDCPA §1692g(b) for failing to cease collection efforts until they complied with the validation required of that

10

section. However, Plaintiff failed to plead sufficient facts to first establish that the statute applies, and second, to give rise to a plausible inference of violation".

The new complaint includes these issues and more and it baffles Solis that the District Court can state the complaints are the same, when the fact issues and statutes were modified. The District Court cited *Trustmark Ins. V. ESLU, Inc.*, 299 F.3d 1265, 1269 (11th Cir. 2002) (citing In re *Piper aircraft Corp.*, 244 F3d. 189, 196 (11th Cir. 2001) in support of the *res judicata* claim. *Trustmark Ins. V. ESLU, Inc.* is about a company that sues twice after the first lawsuit goes to the jury. Appellant's first case never went to a jury and the case was never decided on the merits.

The new complaint contains violations of 15 U.S.C. § 1681s-2(b) - Failure to meet reinvestigation obligations with respect to an erroneous credit report, *Brim v. Midland Credit Management, Inc. et al*, 795 F. Supp. 2d 1255, Dist. Court, ND Alabama, 2011. How can this claim be the same as 15 U.S.C. § 1681s-2(a), which requires accurate reporting to consumer agencies, is only enforceable by government agencies and does not give a private right of action? The complaint also includes claims regarding whether an investigation is "reasonable" is a question of fact unless the reasonableness of the defendant's procedures is beyond question. This case sets a standard for reinvestigations, and suggests that furnishers should not be verifying the validity of debts they have previously

11

reported unless they have the documents to "conclusively" refute information submitted by disputing consumers. *Johnson v. MBNA Am. Bank, NA*, 357F.3d 426, 431 (4th Cir.2004). As a general rule, whether an investigation is "reasonable" under the FCRA is a question of fact for the jury. *Crabill v. Trans Union LLC*, 259 F.3d 662, 664 (7th Cir. 2001). The FCRA permits a private action for both willful and negligent violations of the act. A negligent violation entitles a consumer to actual damages, and willful one entitles the consumer to actual, statutory, and punitive damages. (*Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007) at 53 (citing 15 U.S.C. § 1681n & 1681o).

    *Tucker v MCM* 2:09-cv-00046-IPJ US Dist. Court, N. Dist. Ala., Southern Div. (MEMORANDUM OPINION Dkt 22)

    "Eleventh Circuit Court of Appeals has held that there is a private right of action under § 1681s-2(b). This court also holds that § 1681s-2(b) provides plaintiff with a private right of action."

    [Unpublished Eleventh Cir.] *Green v RBS National Bank*, 288 Fed. Appx 641, 642 (11th Cir. 2008);

    In *Brody v. Hankin*, 299 F. Supp.2d 454, 458 (E.D. Pa. 2004), we review the grant of a motion to dismiss for failure to state a claim, we accept the facts alleged in the complaint and view them in the light most favorable to the nonmoving party – here, the Brodys. *See Christopher v. Harbury*, 536 U.S. 403, 406 (2002).

12

Although it is an affirmative defense," the District Court wrote, "*res judicata* may be raised in a Rule 12(b)(6) motion and such a motion is particularly appropriate if **the defense is apparent on the face of the complaint**." *Brody v. Hankin*, 299 F. Supp.2d 454, 458 (E.D. Pa. 2004) (citing *Rycoline Prod's. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997)).

Solis argues that Florida's *res judicata* principles do not bar her federal action here because the causes of action raised in the first federal complaint are not identical to the causes of action raised in the second federal complaint. Appellees argue that the court's prior dismissal has a preclusive effect on all of Appellant's claims currently before the court.

Under Florida law,[6] *res judicata* applies where there is: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; (4) identity of the quality [or capacity] of the persons for or against whom the claim is made"; and (5) the original claim was disposed on the merits. *Andela v. Univ. of Miami,* 692 F.Supp.2d 1356, 1371 (S.D.Fla.2010) (applying Florida law); *Heney v. Windsor Corp.*, 777 F.Supp. 1575, 1577 (M.D.Fla.1991) (applying Florida law). "For *res judicata* or collateral estoppel to apply, there must also exist in the prior litigation a 'clear-cut former adjudication' on the merits." *State St. Bank & Trust Co. v. Badra*, 765 So.2d 251, 254 (Fla.Dist.Ct.App.2000) (quoting *Suniland Assocs. v. Wilbenka, Inc.,* 656 So.2d

13

1356, 1358 (Fla.Dist.Ct.App.1995)). Identity of the cause of action is a question of "whether the facts or evidence necessary to maintain the suit are the same in both actions." *Tyson v. Viacom, Inc.,* 890 So.2d 1205, 1209 (Fla.Dist.Ct.App.2005) (en banc and per curiam).

Whether *res judicata* applies depends on whether the causes of action alleged in the first complaint are identical to those raised in the second separate federal complaint and whether the claims alleged in the first complaint were disposed of on the merits.[7] See *Heney,* 777 F.Supp. at 1577 (listing elements of Florida *res judicata* law).

In the second federal complaint, Solis includes facts and new claims that were obtained through discovery that were provided by Appellees and could not be known by Solis prior to filing the first federal lawsuit, the causes of action cannot identical. See *Tyson,* 890 So.2d at 1208, 1209 (stating that claims based on different facts and evidence are not identical). The first lawsuit was thrown due to pleading deficiencies, incorrect statutes, and the court's confusion regarding automatic dialer telephone equipment.

The Appellees bear the burden to demonstrate that *res judicata* applies and that there was a clear-cut adjudication on the merits in the prior suit. The Appellees did not provide legal or factual support to demonstrate that claims alleged in the second lawsuit were identical to the ones in the first lawsuit. They

14

allege that the claims are identical when in fact, they are not. Florida courts view the issue of whether a judgment acted as an adjudication on claims, including previously dismissed claims, as a question of fact. See *Hicks v. Hoagland,* 953 So.2d 695, 698 (Fla.Dist.Ct.App.2007) (finding *res judicata* could not apply at summary judgment stage when record was not clear as to whether prior state court judgment intended to adjudicate certain claims that may have been dismissed prior to trial). "[T]he party claiming the benefit of the former adjudication has the burden of establishing, with sufficient certainty by the record or by extrinsic evidence, that the matter was formerly adjudicated." *State St. Bank & Trust*, 765 So.2d at 254 (citation omitted); *Hicks*, 953 So.2d at 698 ("For *res judicata* to apply, there must exist in the prior litigation a clear-cut former adjudication on the merits.") (citation and internal quotation marks omitted).

Florida's transaction test also does not bar the causes of action raised in the federal amended complaint. Florida's transaction test states that *res judicata* will apply to those causes of action that were actually litigated, as well as "every other matter which the parties might have litigated within the issues as framed by the pleadings or as incident to or essentially connected with the subject matter of the first litigation." *Zikofsky v. Mktg.* 10, Inc., 904 So.2d 520, 523 (Fla.Dist.Ct.App.2005) (citation, quotation, and brackets deleted). Despite the broad "every other matter" language, the transaction test is "narrow" and extends

to "essentially connected claims that a defendant in a former action failed to raise as a defense." Id. (internal quotations omitted).

Florida courts have enforced the "actually adjudicated" requirement, see *Gordon*, 59 So. 2d at 44, with rigor.

## II.

### Did the District Court err in not allowing *pro se* Appellant to amend her complaint?

*Conley v. Gibson*, 355 U.S. 41 at 48 (1957) "Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The court also cited Rule 8(f) FRCP, which holds that all pleadings shall be construed to do substantial justice. *Davis v. Wechler*, 263 U.S. 22, 24; *Stromberb v. California*, 283 I/S/ 359; *NAACP v. Alabama*, 375 U.S. 449. "The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of local practice." *Elmore v. McCammon*, (1986) 640 F. Supp. 905 ... "the right to file a lawsuit *pro se* is one of the most important rights under the constitution and laws." *Haines v. Kerner*, 404 U.S. 519 (1972)... "Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient"..."which we hold to less

16

stringent standards than formal pleadings drafted by lawyers." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1959); *Picking v. Pennsylvannia R. Co.*, 151 Fed. 2nd 240; *Pucket v. Cox*, 456 2nd 233.... "*Pro se* pleadings are to be considered without regard to technicality; *pro se* litigants' pleadings are not to be held to the same high standards of perfection as lawyers." *Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938)... "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment." *Pucket v. Cox*, 456 2nd 233, (1972) (6th Cir. USCA)... It was held that a *pro se* complaint requires a less stringent reading than one drafted by a lawyer per Justice Black in Conley v. Gibson. *B. Platsky v. CIA*, 953 F. 2d 25, 26, 28 (2nd cir. 1991)... "Court errs if court dismisses *pro se* litigant without instruction of how pleadings are deficient and how to repair pleadings."

The Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id.* At 555.

17

"[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* At 570. (Emphasis added)

The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". *Friends of Lake View School District v. Beebe*, 578 F.3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. *Id.* A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct" (Emphasis added). *Ashcroft v. Iqbql*, 129 W.Ct. 1937, 1950 (2009).

Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

The Court can plainly see that Solis is not the "run of the mill" *pro se* litigants that have at times been a thorn in the side of the judiciary. To the contrary, Solis has expended a very substantial amount of time and energy to learn how to properly use the judicial system to seek redress of grievances such as in this case. Solis has made every effort to learn and comply with the rules and procedures of the Court. As can be expected, mistakes or errors can occur and that is where the intent of the United States

18

Supreme Court in *Haines v. Kerner* in concert with the intent of Congress in drafting and passing consumer protection laws merge to enable the average person with no formal legal education or training to take on the responsibilities of enforcement and be on what should be a "reasonably" level playing field. The Plaintiff does not ask for extra special treatment but instead ask for, and expect, to receive a fair shake and reasonable treatment from the judicial system.

"Notwithstanding a plaintiff's failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs **several opportunities** to state a claim upon which relief can be granted". *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Texter*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). "Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to court order", *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. April 12, 2004); *Sims*, 2001 WL 627600, at *2 "or when a *pro se* plaintiff seeks to amend his complaint in response to a recommended dismissal", *See Swanson v. Aegis Commc'ns Group, Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); Scott, 2008 WL 398314, at *1. "Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted

19

the failure to respond, and the plaintiff has had ample opportunity to amend the complaint." *Rodriguez v. United States*, 66 F.3d 322, 327 (5th Cir.1999).

In the second lawsuit, the judge did not grant Solis's Motion for Leave to Amend due to failure to obtain leave to amend before filing rather than any deficiency in the pleading. That has been the ONLY major procedural mistake by the Plaintiff since commencing her lawsuit and she has responded to every motion to dismiss in a timely manner as required by the Federal Rules of Civil Procedure. Solis chose not to amend her complaint again at that time because of the filing of the multiple motions to dismiss by the Appellees and decided to await the Court's ruling on the motions to dismiss. Solis requested in all of her responses to motions to dismiss that if the court found that she failed to state a claim that they be given leave of court to file an amended pleading to correct any possible deficiencies. Solis wants more time to correct any deficiencies as determined by the Court and allow her cause of action to go forward ON THE MERITS so justice may be properly served rather than cut short. Solis has pled a good case but had NOT pled her best case and asks the court to grant her leave to amend so that she may do so. To not grant Solis leave to amend her complaint and dismiss her claim with prejudice would have a dramatic chilling effect on not only Solis but other *pro se* litigants and consumers as well to see that one easily correctable deficiency in a pleading that was not allowed to be corrected by the Court would deny them their ability to protect themselves from those who would prey on

20

them simply because they are far less educated and experienced in legal process and procedures.

## CONCLUSION

The intent of Congress in drafting and passing consumer protection laws, as it was done, was to have the consumers of this country acting as private attorney generals keeping the debt collectors, whether they be attorneys or non-attorneys, in check through civil litigation, if necessary, rather than putting the entire burden of enforcement on an already overburdened federal government and especially the FTC.  Consumer protection laws have been cited in so many different cases nationwide as needing to be liberally construed in favor of the consumer is testament that the courts have followed through and most generally understood the need to have the consumer very much in the lead on enforcement of the consumer protection laws.  It is common sense that a number of consumers would not be in a position to retain attorneys to represent themselves in court proceedings and would therefore, as *pro se* litigants, be at a distinct disadvantage when their adversary is a highly educated and trained Bar licensed attorney.  The courts have demonstrated in many decisions that it is necessary for the *pro se* consumer litigant to be given extra latitude in dealing with errors or mistakes and be allowed to correct them in a reasonable fashion and timeframe with guidance from the court in doing so.  It is paramount that this ability of the *pro se* litigant to have some leniency from the

21

court in dealing with errors or mistakes be preserved and brought forth when necessary to foster justice and follow through on the intent of Congress. This is especially true about debt collectors through their oft times unconscionable behavior and tactics used in attempting to collect money from consumers that is not owed by them. It is only through litigation brought by the consumer, if necessary, that America is going to see any improvement in the dismal statistics of debt collector abuse that are common knowledge to most Americans and without a doubt, the judiciary, that deals with these issues every day. Multi-million dollar settlements paid by a number of debt collection companies in recent times including Asset Acceptance Corporation (2.5 million), NCO Financial Services and others indicate what a horrific problem there is with debt collection abuse today and the statistics get worse year over year. It is imperative that the Court give Plaintiffs' such as those in this case the latitude and consideration to correct deficiencies in their pleadings so that the debt collection industry "feels the heat" from the consumer including the *pro se* consumer who seeks nothing more than justice and finds themselves at a distinct disadvantage when they take on the role of enforcement of the consumer laws as Congress intended. When considering Defendants' motions, the court must construe the factual allegations in the complaint in the light most favorable to the Plaintiffs. *In Re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996); *Jones V. General Elec. Co.*, 87 F.3d 209, 211

22

(7th Cir. 1996).  Only if no possible construction of the alleged facts will entitle Plaintiff to relief should the court grant Defendants' motions.  (Emphasis added) *Hishon v. King & Spaulding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984).  If the factual allegations in Plaintiffs' complaint support any legal theory that entitles Plaintiffs' to some relief, the court should overrule Defendants' motions.

*Res judicata* applies where the facts and claims are identical.  Appellant, Appellees and the Court noted that there are new facts and claims.  How then can the Appellees and Court claim that both lawsuits are identical especially knowing that new facts and claims were included due to the discovery provided by Appellees?  It is a slippery slope when Defendants can merely claim *res judicata* on similarities in complaints and be granted Motions to Dismiss and violations of law can continue in the public without restraint.

WHEREFORE, The Appellant Grace Solis respectfully requests that this Court, for the foregoing reasons, enter an Order reversing and remanding Appellant's case and to move forward on the merits.

23

CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation set forth in FRAP

32(a)(7)(B).  This brief contains 5,527 words.

### U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
### CERTIFICATE OF SERVICE

GRACE  SOLIS  *vs.*  GLOBAL  ACCEPTANCE  CREDIT  COMPANY,  L.P.,
HAYT,  HAYT  &  LANDAU,  P.L.,  Jason  Scott  Dragutsky,  Dana  Michelle  Stern
and Robert J. Orovitz  Appeal No. 14-12973-EE

I hereby certify that on August 19, 2014, a true and correct copy of the foregoing

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA (CASE NO.:  1:13-CV-23060-

WILLIAMS), with first class postage prepaid, has been deposited with Federal

Express and properly addressed to the persons whose names and addresses are

listed below:

GLOBAL ACCEPTANCE CREDIT COMPANY, LP
Ronald S. Canter
200 A Monroe Street, Suite 104
Rockville, MD 20850

HAYT, Stern, Dragutsky and Orovitz
Hinshaw & Culbertson LLP
2525 Ponce de Leon Boulevard, 4th Floor
Coral Gables, FL  33134

_____

Grace Solis

A