UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

NO.:14-12973-EE

Grace Solis,

Appellant

versus

GLOBAL ACCEPTANCE CREDIT COMPANY, L.P.,
HAYT, HAYT & LANDAU, P.L.,
Robert J. Orovitz, Individually,
Dana M. Stern, Individually
And
Jason S. Dragutsky, Individually

Appellees

APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF FLORIDA
(CASE NO. 24-CV-23060-WILLIAMS)

REPLY BRIEF OF APPELLANT

Grace D. Solis
*Pro se*
Appellant
730 86th Street
Miami Beach, FL 33141
Tel: (954) 588-8214

# TABLE OF CONTENTS

TABLE OF CONTENTS……………………………………………………………..i

TABLE OF CITATIONS……………………………………………………….…..ii

ARGUMENT

ISSUE I……………………………………………………………………………..1

ISSUE II………………………………………………………………………….....2

CONCLUSION……………………………………………………………………..5

CERTIFICATE OF SERICE………………………………………………………..7

CERTIFICATE OF COMPLIANCE………………………………………………..6

# TABLE OF CITATIONS

**CASES**     Pages

*Ebeh v. St. Paul Travelers*, 459 F. App'x 860, 861-62 (11th Cir. 2012)    1
(citing *Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001))

*Phelps v. United States*, 2008 WL 2566828, at *1 (N.D. Fla. June 25, 2008)    1
(citing *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069
(11th Cir. 1984)).

*Speaker v. U.S. Dept. of Hlth. & Hmn. Svcs. Ctrs. for Dis. Contrl.* 623 F.3d    2
1371, 1379 (11th Cir. 2010)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)    3

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)    3

*Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295-96 (11th Cir. 2007)    3

*Scheuer v. Rhodes*, 416 U.S. 232 (1974)    3

*Neizil v. Williams*, 543 F.Supp. 899, 905 (M.D. Fla. 1982)    4

*Dikun v. Streich*, 369 F. Supp. 2d 781, 784-85 (E.D. Va. 2005)    4
(citing *Fuller v. Becker & Poliakoff*, 192 F. Supp. 2d 1361
(M.D. Fla. 2002))

*Trustmark Ins. Co. v. ESLU, Inc.* 299 F.3d 1265 (11th Cir. 2002)    5

*Crabill v. Trans Union LLC*, 259 F.3d 662, 664 (7th Cir. 2001)    5

*Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938)    5

**STATUTES**

Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692    3

Florida Consumer Collection Practices Act (FCCPA), FLA. STAT.    3

§559 1-2 (Part IV)
Federal Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et seq*     3

Telephone Consumer Protection Act (TCPA) Sec. 227, 47 USC     3
 § 227(b)(1) 47 USC § 227(a) (iii).g Act.

## **RULES OF PROCEDURE**

Fed. Rule of Civ. Procedure 12(b)(6)     2

ARGUMENT

I.

The District Court's error in deciding the Appellant's second federal lawsuit was barred by *res judicata*.

Under the doctrine of res judicata, an earlier lawsuit precludes a later lawsuit if (1) the two suits involve the same parties; (2) the first suit was resolved by a court of competent jurisdiction; (3) the first suit ended with a judgment on the merits; and (4) the two suits are based upon the same causes of action. *Ebeh v. St. Paul Travelers, 459 F. App'x 860, 861-62 (11th Cir. 2012) (citing Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101, 105 (Fla. 2001)).* Generally, however, dismissal of a complaint on res judicata grounds is appropriate only if the defense appears on the face of the complaint. *Phelps v. United States, 2008 WL 2566828, at \*1 (N.D. Fla. June 25, 2008) (citing Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984)).*

Solis's case at bar involved the issue that Global did not conduct a reasonable investigation into her dispute with them directly and with the credit bureaus. Global, after receiving Solis's dispute and not validating the debt, deliberately continued collection activity by retaining HAYT, HAYT & LANDAU, Robert J. Orovitz, Dana M. Stern and Jason S. Dragutsky and filing a state complaint. After Solis's filing of

1

the federal complaint, the state lawsuit was abandoned and it was dismissed by the Court for lack of prosecution.

If there was a real debt owed to Global, why was the state case abandoned? Why could they not validate the debt? Why did they deliberately report a known disputed debt with the consumer credit reporting agencies? Why did their own internal comments state that they were RUSH requesting the "account information" AFTER verifying the debt with the credit reporting agencies in two seconds? This was information obtained by Solis through discovery in the first case and these facts were included in the second lawsuit. This was information that could not be known by Solis because they were internal documents but confirmed Solis's position that these parties were deliberately violating the federal consumer protection acts. There has been no accountability of their actions and Solis was not allowed to present these facts to a jury.

II.

The District Court erred in not allowing *pro se* Appellant to amend her complaint.

In deciding a Rule 12(b)(6) motion, the Court must construe the plaintiff's complaint in the light most favorable to the plaintiff and accepts all well-pled facts as true. *Speaker v. U.S. Dept. of Hlth. & Hmn. Svcs. Ctrs. for Dis. Contrl. 623 F.3d 1371, 1379 (11th Cir. 2010).* A complaint does not need detailed factual

allegations, but only enough to raise the right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Id.* A claim has "facial plausibility" if the factual content allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). This standard "does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295-96 (11th Cir. 2007). Additionally, plaintiff's allegations must be treated and presumed as true and correct in all respects and plaintiff's factual allegations are to be liberally construed so that plaintiffs are likewise afforded each and every favorable inference to be drawn therefrom. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). Solis's first *pro se* lawsuit provided so much factual allegation but was dismissed because of a technicality which was that Solis did not identify the debt as a consumer debt even though she referred to the reporting of the debt on her consumer credit report and all the violations of the Fair Debt Collection Practices Act (FDCPA), Florida Consumer Collection Protections Act (FCCPA), Fair Credit Reporting Act (FCRA) and Telephone Consumer Protection Act (TCPA).

3

The factual allegations were very detailed. Under the federal practice of "notice pleading" Plaintiffs are only required to set forth a short, concise and plain statement of their claim sufficient to advise the opposing party of the nature of the claim. *Neizil v. Williams, 543 F.Supp. 899, 905 (M.D. Fla. 1982)*. Solis amended her complaint as a matter of right without instruction from the Court and also amended the complaint in the instant case in order to include the evidence provided through discovery.

To prevail on an FDCPA claim, a plaintiff must sufficiently allege that (1) he was the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA. *Dikun v. Streich, 369 F. Supp. 2d 781, 784-85 (E.D. Va. 2005) (citing Fuller v. Becker & Poliakoff, 192 F. Supp. 2d 1361 (M.D. Fla. 2002))*. While Solis did not plead consumer debt in her previous first and amended complaint, the case at bar included the FDCPA count and new factual allegations. How could the previous lawsuit be tried on the merits when it was dismissed and not only was the FDCPA count dismissed, but also the FCCPA, FCRA and TCPA? Solis presented the proof that the calls were automated and made to her cell phone without her consent in her Motion for Reconsideration and the judge in the first case still erroneously dismissed the evidence provided by HAYT.

## CONCLUSION

These consumer protection acts were designed to protect the consumer and the district court has twice not allowed Solis to present these facts to a jury because Solis failed to identify the alleged debt as a consumer debt in the first lawsuit. How can Solis identify the debt as a consumer debt when Global could not validate the debt as requested prior to filing the state action? If Solis had been allowed to amend her complaint as requested, if the district court would have considered her Motion for Reconsideration and allowed a hearing as she requested, Solis would not be here today. Solis did not file an appeal in the first case because she thought she would lose the statute of limitations and instead filed another lawsuit identifying the debt as a consumer debt and correcting the other deficiencies identified by the first judge and including new phone calls provided in discovery. How then could these lawsuits be identical? Global's brief does not address any of these issues. It cites the same case that the lower court cited, *Trustmark Ins. Co. v. ESLU, Inc.* 299 F.3d 1265 (11th Cir. 2002), which is about a first lawsuit that went to trial, presented facts to a jury and then brought a second lawsuit. Global instead states "déjà vu all over again". Solis's complaints have never been tried by a jury, who decides the facts, particularly for the FCRA. As a general rule, whether an investigation is "reasonable" under the FCRA is a question of fact for the jury, **Crabill v. Trans Union LLC,** 259 F.3d 662, 664 (7th Cir. 2001). "Pleadings are intended to serve as a means of arriving at fair and

just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment." *Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938).

WHEREFORE, The Appellant Grace Solis respectfully requests that this Court, for the foregoing reasons, enter an Order reversing and remanding Appellant's case and to move forward on the merits.
6

## CERTIFICATE OF SERVICE

I, Grace Solis, certify that on September 26, 2014, I mailed a true and correct copy of the above and foregoing REPLY BRIEF via ~~USPS~~ FedEx mail to:

GLOBAL ACCEPTANCE CREDIT COMPANY, LP
Ronald S. Canter
200 A Monroe Street, Suite 104
Rockville, MD 20850

_____
Grace Solis
*Pro se* Appellant

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with F.R.A.P. 32(a)(7) and contains 1302 words. The typeface and font is Times New Roman 14 pt.

*[signature]*
_____
Grace Solis, *Pro Se*